# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| STEVEN CRAINE | PLAINTIFF |
| V. | NO. 3:11CV062-M-S |
| GRENADA COUNTY, et al. | DEFENDANTS |

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, who is currently incarcerated, filed this complaint pursuant to 42 U.S.C. § 1983. He attempts to set forth numerous claims. First he complains that he contracted tuberculosis since being incarcerated. Related to his illness, the Plaintiff asserts that the Defendants were negligent in failing to isolate "the carrier" at the jail. He is seeking damages for his "physical and mental discomfort" caused by the disease and the treatment along with transfer to a "facility of his choice." In addition, the Plaintiff is attempting to improperly challenge the fact of his conviction. The Plaintiff submits that he was on probation in March of 2010 when he was arrested and held without bond. He was later resentenced to a longer term of incarceration.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this court has come to the following conclusion.

### Denial of Adequate Medical Treatment

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal

law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by the Plaintiff, it is clear that he has not been denied medical care. The Plaintiff admits that he has been treated by MDOC medical staff. He simply complains that the treatment leaves him tired and unable to participate in physical activities such as basketball. These allegations fall far short of demonstrating that the Defendants have been deliberately indifferent to a substantial risk of serious harm. Although the Plaintiff is obviously dissatisfied with the treatment he received, the allegations in this case simply do not support a claim for 1983 relief. A 1983 claim will not lie because the Plaintiff disagrees with the course, method and timing of medical treatment. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim); *see also Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Therefore, the Plaintiff's claim of denial of medical attention related to tuberculosis is plainly without merit and shall be summarily dismissed.

Similarly, to the extent the Plaintiff is attempting to state a claim of negligence arising out of being exposed and infected with tuberculosis, his claim must also fail. It is well settled that negligent conduct is plainly insufficient to state a claim under 1983. *Daniels*, 474 U.S. at 327; *Gibbs*

*v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001) (defendants did not know of any diagnosed active cases of tuberculosis that could have infected inmates and did not act with deliberate indifference)**.**

### Section 1983 is not Appropriate Method to Challenge a Conviction

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

The Plaintiff must first obtain habeas corpus relief before pursuing damages in a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id.* at 489-91. The Plaintiff must first exhaust remedies available to him in state court prior to seeking federal review of his conviction and sentence. *See* 28 U.S.C. § 2254(b)(1) and (c); Miss. Code Ann. §§ 99-39-1 *et seq*. There is no proof or allegation that the Plaintiff has exhausted his claims. Accordingly, in either case, the Plaintiff's complaint is premature and shall be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 26th day of July, 2011.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**